# IN THE COURT OF APPEALS OF IOWA

No. 17-0547
Filed October 25, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY MICHAEL PLUNKETT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

A defendant challenges his sentence for lascivious acts with a child. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

Anthony Michael Plunkett pleaded guilty to lascivious acts with a child, in violation of Iowa Code section 709.8(1)(a), (2)(a) (2014). The district court sentenced Plunkett to an indeterminate term of incarceration not to exceed ten years. In this appeal, Plunkett challenges his sentence. He contends the district court abused its discretion in considering Plunkett's employment history and education history at the time of sentencing. Specifically, the district court considered the fact Plunkett was unemployed and had not completed high school or taken steps to obtain his GED.

We review Plunkett's challenge to his sentence for an abuse of discretion. *See State v. Seats*, 865 N.W.2d 545, 552–53 (Iowa 2015). This is a deferential standard of review:

> In applying the abuse of discretion standard to sentencing decisions, it is important to consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offenses. It is equally important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform . . . . The application of these goals and factors to an individual case, of course, will not always lead to the same sentence. Yet, this does not mean the choice of one particular sentencing option over another constitutes error. Instead, it explains the discretionary nature of judging and the source of the respect afforded by the appellate process.
> Judicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others. It is essential to judging because judicial decisions frequently are not colored in black and white. Instead, they deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process. This inherent latitude in the process properly limits our review. Thus, our task on appeal is not to second guess the

decision made by the district court, but to determine if it was unreasonable or based on untenable grounds.

*Id.*

Plunkett has failed to establish the district court abused its broad sentencing discretion. The record reflects Plunkett had sexual intercourse with a thirteen-year-old girl and impregnated her. In imposing sentence, the district court considered this offense conduct as well as the defendant's employment history, education history, failure to take responsibility for his conduct, and lack of remorse. The district court's consideration of the defendant's employment and education history are permissible factors to consider at sentencing as each bears on the defendant's chances for reform. *See* Iowa Code § 907.5(1) (setting forth sentencing considerations); *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). In addition, the information was contained in the presentence investigation report, which was presented to the district court without objection. *See* Iowa Code § 901.5 (providing the district court shall receive and examine "all pertinent information, including the presentence investigation report"). The district court did not abuse its discretion in considering information contained in the presentence investigation report and relevant to the sentencing decision.

For the above-stated reasons, we affirm the defendant's conviction and sentence.

**AFFIRMED.**